UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THAIS DILAZARY and LINDA WILLIAMS, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>CLAUDINE DENIRO,<br><br>Defendant. | **Index No.: 17-CV-6748 (AT)**<br><br>**THIRD AMENDED COMPLAINT** |

Plaintiffs, THAIS DILAZARY and LINDA WILLIAMS, by their attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the New York Labor Law (hereinafter "Labor Law") Article 19 § 663 and Labor Law Article 6 § 190 et seq., and the Fair Labor Standards Act, 29 U.S.C. § 200 et seq. to recover, inter alia, unpaid wages, including unpaid overtime, owed to Plaintiffs in connection with their employment by Defendant CLAUDINE DENIRO ("Defendant").

2.     This action also seeks to recover for Defendant's failure to provide Plaintiffs with annual wage notice or proper paystubs as required under the Labor Law.

3.     From approximately July 2011 until the present, Defendant failed to compensate Plaintiffs – and other similarly situated workers – with overtime compensation at one and one half times their regular hourly rate when each individual worked more than 40 hours in a given workweek.

4.      Plaintiffs and other similarly situated individuals were subject to the same illegal pay practices, namely Defendant's refusal to compensate its staff with compensation when they worked greater than 40 hours in a given workweek.

5.      Additionally, Plaintiff Williams asserts claims for racial and age discrimination based on explicit comments made by Defendant towards Plaintiff Williams, who was eventually terminated because of these biases. Plaintiff Williams also asserts individual breach of contract and tortious interference claims.


## THE PARTIES

6.      Plaintiff THAIS DILAZARY is an individual who resides in South Carolina and who worked for Defendant as a domestic worker from approximately October 2012 through March 2013.

7.      Plaintiff LINDA WILLIAMS is an individual who resides in Suffolk County, New York, and was employed as a domestic worker, housekeeper, and nanny from approximately October 2014 to November 2014.

8.      Defendant CLAUDINE DENIRO hired Plaintiffs to care for her children and to perform miscellaneous duties in her family's home in Manhattan. Upon information and belief, Defendant is a resident of New York State, County of New York, and maintains a primary residence in New York County.


## FACTS

9.      Plaintiff THAIS DILAZARY was employed by Defendant as a domestic worker, caring for Defendant's children and her home, for approximately six months from October 2012

through March 2013.

10.     While working for Defendant from October 2012 through December 2012, Plaintiff DILAZARY regularly worked Monday through Friday from 10:00 a.m. until 8:00 p.m. In total, Plaintiff typically worked 50 hours each week during this timeframe.

11.     While working for Defendant from January 2013 through March 2013, Plaintiff DILAZARY typically worked from 7:00 a.m. until 7:00 p.m. on Monday and from 8:30 a.m. until 7:45 p.m. Tuesday through Friday. In total, Plaintiff typically worked 57 hours each week during this timeframe.

12.     Plaintiff WILLIAMS was employed as a domestic worker, housekeeper, and nanny for several weeks during Oct. 2015 and Nov. 2015, and was contracted to perform work for 12 months.

13.      Plaintiff WILLIAMS worked greater than 40 hours in a given workweek and was not paid overtime compensation. On at least one occasion, Plaintiff WILLIAMS worked more than 45 hours in a given work week and did not receive overtime compensation for these hours of work above 40 hours.

14.     Despite an agreement to provide Plaintiff WILLIAMS with employment for 12 months, Defendant terminated the agreement based on discriminatory motives and biases, including Plaintiff WILLIAMS' age and protected status.

15.     Defendant made disparaging comments to Plaintiff WILLIAMS based on her race and her age.

16.     For example, Defendant stated to Plaintiff WILLIAMS: "I wouldn't have hired you if I had known you were black …", "[I] never had a black nanny", "My kids don't like old nannies", "how old are you?".

17.     Ultimately, Defendant terminated Plaintiff WILLIAMS based on her protected statuses.

18.     Defendant harmed Plaintiff WILLIAMS' business relationship with the Bell Family Employment Agency and Tammy Gold by making false statements that Plaintiff WILLIAMS had stolen items from Defendant's home. Such statements were false, malicious, and without a basis in fact.

19.     Plaintiff WILLIAMS and DILAZARY performed work with other individuals who were similarly situated, and have personal knowledge of the hours that they worked.

20.     Plaintiffs are not exempt employees pursuant to the Labor Law and are owed overtime compensation.

21.     Despite regularly working over 40 hours per week and being entitled to overtime, Plaintiffs were compensated with a flat weekly salary, regardless of the number of hours they worked.

22.     Other similarly situated individuals were subject to the same policy and practice of failing to provide overtime compensation.

23.     Moreover, Defendant failed to provide an annual notice of pay rate to Plaintiffs and other similarly situated individuals in compliance with applicable law, including the controlling wage order promulgated by the New York State Commissioner of Labor.


## CLASS ALLEGATIONS

24.     This case is brought on behalf of Plaintiff WILLIAMS, Plaintiff DILAZARY, and other individuals that are similarly situated.

25.     This case is properly maintainable as a class action under CPLR §§ 901, 902 and/or

a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

26.    Upon information and belief, other individuals were subject to the same payment practices, including the failure to receive overtime, the failure to receive all earned wages, the failure to receive wage theft notice, and other violations of the Labor Law, its implementing regulations, and the FLSA.

27.    Plaintiff WILLIAMS and Plaintiff DILAZARY performed work with numerous other individuals who performed the same type of work and were subject to the same policies and practices that they were. According to the Bell Family Employment Agency, Defendant has a high rate of turnover due to the treatment of employees, including nannies, housekeepers, and domestic workers.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT: UNPAID OVERTIME WAGE COMPENSATION

28.    Defendant CLAUDINE DENIRO is an employer, within the meaning contemplated, pursuant to Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

29.    Defendant CLAUDINE DENIRO had the authority to (1) hire and fire Plaintiffs, (2) set the schedules for Plaintiffs, (3) set the pay and method of payment for Plaintiffs, and (4) maintain Plaintiffs' employment records.

30.    Plaintiffs and other similarly situated individuals are employees within the meaning contemplated, pursuant to Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations – as well as the Fair Labor Standards Act, 29 U.S.C. § 200 et seq.

31.    Plaintiffs constitute "employee(s)" as that term is defined under Labor Law § 190 et seq., the FLSA, and case law interpreting the same.

32.    Plaintiffs and other similarly situated workers did not receive overtime compensation at a rate of one and one half their regular hourly rate for all hours worked over 40 in a given workweek.

33.    Plaintiff DILAZARY regularly worked in excess of 40 hours per week, typically working approximately 50 to 57 hours each week.

34.    Plaintiff DILAZARY was typically not paid overtime for the 10 to 17 hours of overtime she regularly worked for Defendant.

35.    Plaintiff WILLIAMS was not paid overtime on occasions when she worked greater than 40 hours in a given work week for Defendant.

36.    According to the Labor Law and the FLSA, Plaintiffs are not exempt from overtime compensation.

37.    Defendant improperly classified Plaintiffs as exempt from overtime.

38.    Defendant did not provide payroll receipts that accurately reflected the total amount of hours worked and corresponding wages earned for Plaintiffs.

39.    Consequently, by failing to pay to Plaintiffs and other similarly situated workers all their overtime compensation, Defendant violated Labor Law Article 19 § 663.

40.    Labor Law Article 19 § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

41.    By the foregoing reasons, Defendant has violated Labor Law Article 19 § 663 and is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT:
## NEW YORK WAGE THEFT NOTICE

42.    Pursuant to Labor Law Article 6, Defendant is an employer within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

43.    Plaintiffs are employees within the meaning contemplated, pursuant to Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

44.    Labor Law § 195(1) requires an employer such as Defendant to provide its employees at commencement of employment and when their wage rates change with notice regarding their rates of pay, their hourly rate, the name of their employer, and other essential information.

45.    Labor Law § 195(3) requires an employer such as Defendant to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the

number of overtime hours worked . . ."

46.     Plaintiffs did not receive the required time-of-hire wage notice or weekly wage statements containing all the information required by Labor Law § 195.

47.     Plaintiffs did not receive notice upon hiring or at-the-time-of-rate-change notice pursuant to Labor Law § 195.

48.     Upon information and belief, other similarly situated individuals were not provided with proper notices.

49.     By the foregoing reasons, Defendant has violated Labor Law § 195 and is liable to Plaintiff for the penalties set forth in Labor Law § 198, interest, attorneys' fees, and the costs and disbursements of this action.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT:
## <u>NEW YORK FAILURE TO PAY WAGES</u>

50.     Pursuant to Labor Law Article 6, workers such as the Plaintiffs are protected from wage underpayments and improper employment practices.

51.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

52.     As persons employed for hire by Defendant, Plaintiffs are "employee(s)," as understood in Labor Law § 190, its implementing regulations, and case law interpreting the same.

53.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

54.     As the entity that hired, directed, and controlled the job performance of the Plaintiffs, Defendant is an "employer."

55.    Plaintiffs' agreed upon wage rate were within the meaning of Labor Law §§ 190, 191, 198, and 652.

56.    Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

57.    During Plaintiff DILAZARY's employment with Defendant, from October 2012 through March 2013, Defendant regularly failed to pay Plaintiff for each and every hour she worked, thereby failing to pay Plaintiff's earned wages.

58.    During Plaintiff WILLIAMS' employment with Defendant, Defendant failed to provide Plaintiff with wages in accordance with an agreement to perform work for a period of one year.

59.    In failing to pay the Plaintiffs for time worked, Defendant violated Labor Law §§ 191, 193, and 198.

60.    Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs, that is not otherwise authorized by law or by the employee.

61.    By withholding wages from the Plaintiffs pursuant to Labor Law § 193 and the cases interpreting same, Defendant made unlawful deductions.

62.    By the foregoing reasons, pursuant to Labor Law § 198, Defendant is liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT:**
**<u>AGE DISCRIMINATION</u>**

63.     Plaintiff WILLIAMS is over the age of 40, and is protected by New York State Executive Law and New York City law from age-related discrimination and harassment.

64.     Defendants subjected Plaintiff WILLIAMS to adverse employment actions, including termination and hostile treatment, based on her age and/or based on opposition to discriminatory practices.  Defendant's actions are in violation of the New York State Executive Law, Human Rights Law, § 296, *et seq.* and provisions of the New York City law.

65.     Defendants unlawfully terminated Plaintiff WILLIAMS upon learning her age.

66.     Plaintiff WILLIAMS was told that Defendant and members of her family did not like older individuals performing the tasks for which Plaintiff WILLIAMS was hired.

67.     Despite being able to perform tasks and having experience performing the assigned tasks, Plaintiff WILLIAMS was replaced with younger individuals.

68.     Defendant aided, abetted, incited, compelled, coerced and/or participated in the aforementioned unlawful conduct in violation of New York State Executive Law and Human Rights Law § 296(6).

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT: <u>HOSTILE WORK ENVIRONMENT</u>

69.     Defendants have subjected Plaintiff WILLIAMS to a hostile work environment motived by Plaintiff's age and race, in violation of the New York State Executive Law, Human Rights Law, § 290 et. seq. and well as New York City laws.

70.     Under Executive Law § 296, "[a] hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment…"

71.     Plaintiff WILLIAMS was subjected to severe and pervasive offensive comments

and hostile work environment based on her age and race. For example:

    a.    Defendant stated: "I wouldn't have hired you if I had known you were black…"

    b.    Defendant stated: I never hired a black nanny.

72.    Defendant aided, abetted, incited, compelled, and/or coerced the hostile work environment in violation of New York State executive Law, Human Rights Law, § 296(6) and all other applicable laws, including those under New York City law.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT:
### RACIAL DISCIMINATION & HARASSMENT

73.    Defendant has subjected Plaintiff WILLIAMS to racial discrimination and harassment motived by Plaintiff WILLIAMS' race, in violation of the New York City Human Rights Law.

74.    Defendant displayed and explicitly reference an animus towards Plaintiff WILLIAMS' race, including through overt statements and explicit reference to her race.

75.    Defendant aided, abetted, incited, compelled, and/or coerced the hostile work environment in violation of New York City Human Rights Law and all other applicable laws.

76.    Plaintiff WILLIAMS was subjected to severe and pervasive offensive racial discrimination and harassment as described above.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANT:
### BREACH OF CONTRACT

77.    Defendant and Plaintiff WILLIAMS entered into a one-year agreement for employment. However, upon learning of Plaintiff WILLIAMS' age and race, Defendants breached the contract, terminated her employment, and ceased allowing her to perform work.

78.    Plaintiff WILLIAMS has been harmed financially and otherwise by Defendant's actions.

**EIGHTH CAUSE OF ACTION AGAINST DEFENDANT:**
**RETALIATION**

79.    Pursuant to Labor Law Article 19 § 215 "No employer or his agent or her agent, nor the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner…"

80.    Labor Law Article 19 § 215 further states "[a]n employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section."

81.    Plaintiff WILLIAMS complained about her failure to receive all earned wages.

82.    Such an action is protected under Labor Law § 215 as a protected action, as a reasonable and good faith complaint that an employer has violated the Labor Law.

83.    In retaliation for making such a complaint, Defendant took an adverse action against Plaintiff WILLIAMS by harming her and making false statements to the Bell Family

Agency.

84.     Plaintiff WILLIAMS suffered damages as a result of Defendant's actions, including lost wages and other injuries.

85.     By the foregoing reasons, Defendants have violated Labor Law Article 19 § 215 and are liable to Plaintiff WILLIAMS in an amount to be determined at trial, damages, plus interest, attorneys' fees, and costs.

### NINTH CAUSE OF ACTION AGAINST DEFENDANT: <br> TORTIOUS INTERFERENCE

86.     Plaintiff Williams maintained a relationship with the Bell Family Employment Agency and Tammy Gold during the period leading up to and during her employment with Defendants.

87.     Defendant interfered with that relationship by knowingly and maliciously making false statements to the Bell Family Employment Agency, Tammy Gold, and/or their agents with regard to Plaintiff Williams.

88.     Defendant knowingly made false statements that Plaintiff Williams stole items from Defendants' household, and Defendant malicious and with the intent to harm Plaintiff Williams refused to correct such statements when they were proven wrong.

89.     Given the nature of Plaintiff William's profession, Defendant's false and malicious statements were solely aimed at harming Plaintiff William's reputation and business relationship with the Bell Family Employment Agency, Tammy Gold, and related individuals.

90.     Such statements did harm Plaintiff William's business relationship and her ability to obtain employment after her period of employment with Defendant ended. Such statements harmed Plaintiff William's ability to work as a domestic worker for other family and individuals

that had relationships with the Bell Family Employment Agency, Tammy Gold, and related individuals.

**WHEREFORE**, Plaintiffs demand judgment:

(1)     on the first cause of action against Defendant in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

(2)     on the second cause of action against Defendant in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

(3)     on the third cause of action against Defendant in an amount to be determined at trial, interest, attorneys' fees, and costs;

(4)     on the fourth cause of action against Defendant in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs;

(5)     on the fifth cause of action against Defendant in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs;

(6)     on the sixth cause of action against Defendant in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs;

(7)     on the seventh cause of action against Defendant in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs;

(8)     on the eighth cause of action against Defendant in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs;

(9)     on the ninth cause of action against Defendant in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs;

(10)    such other and further relief as this Court may deem just and proper.


Dated: Carle Place, New York
       November 9, 2017
                                        **LEEDS BROWN LAW, P.C.**

_____/s/_____
Michael A. Tompkins, Esq.
One Old Country Road Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com

*Attorneys for Plaintiffs*